American Empire v. Colony Insurance

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand eighteen.

PRESENT:
　　　　DENNIS JACOBS,
　　　　ROSEMARY S. POOLER,
　　　　RICHARD C. WESLEY,
　　　　　　Circuit Judges.

_____

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

　　Plaintiff–Appellant,

　　-v.-　　　　　　　　　　　　　　　　17-3799

COLONY INSURANCE COMPANY,

　　Defendant-Appellee.

_____

**FOR PLAINTIFF-APPELLANT:**    Monte E. Sokol, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY.

**FOR DEFENDANT–APPELLEE:**    Ignatius John Melito (<u>with</u> Michael F. Panayotou <u>on the brief</u>), Melito & Adolfsen, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Two insurers dispute coverage for defense costs incurred by the New York City Housing Authority ("NYCHA") in three personal injury suits brought against it by employees of its contractor, Technico Construction Services. Summary judgment was granted by the Southern District of New York (Forrest, <u>J.</u>) in favor of Colony Insurance Company, which insured NYCHA, and against American Empire Surplus Lines Insurance Company, which issued a policy to Technico (as contractor) that covered NYCHA (as owner of the property).   The district court held that Colony's policy excluded coverage for these types of personal injury suits.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 2014, NYCHA hired a contractor, Technico, to remodel several of its buildings in Manhattan.   In connection with this project, NYCHA received insurance coverage from Colony, and Technico received coverage from American Empire.   Three Technico employees were injured on the project and sued NYCHA.   American Empire assumed the legal costs for these lawsuits under the policy it issued to Technico but then filed the present suit to obtain contribution from Colony, on the theory that Colony is the primary insurer for these lawsuits.

Colony argues that these personal injury lawsuits are excluded from its policy with NYCHA.

Colony's policy covers NYCHA for "'bodily injury'" that is "caused by an 'occurrence' and arises out of: (a) Operations performed for you by the 'contractor.'" App'x 80. The word "contractor"--in quotes--is defined as Technico. An exclusion in the policy provides that there is no coverage for: "'[b]odily injury'" "sustained by any contractor, subcontractor or independent contractor or any of their 'employees,' 'temporary workers,' or 'volunteer workers.'" App'x 99.

Colony argues that these tort lawsuits are excluded from coverage because they were brought by employees of Technico, a contractor, and the exception plainly excludes coverage for bodily injury sustained by an employee of "any contractor". Id. In response, American Empire argues that the term "any contractor" does not include the term "contractor" (in quotes), which is defined as Technico. American Empire further argues that the purpose of an Owners and Contractors Protective policy (such as was issued by Colony) is to cover bodily injury to employees of the designated contractor--here, Technico.

The interpretation of this exclusion is the only question before us. "[T]he initial interpretation of a contract is a matter of law for the court to decide." Morgan Stanley Grp. Inc. v. New England Ins. Co., 225 F.3d 270, 275 (2d Cir. 2000) (internal quotation marks omitted). "Under New York law, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." Id. (internal quotation marks omitted).

As the district court concluded, the exclusion provides, in straightforward and unambiguous wording, that the policy does not provide coverage for bodily injury sustained by employees of "any contractor." App'x 99. "Any contractor" must be read to have its plain meaning. The plain meaning of "any contractor" includes Technico, because Technico is defined in the policy as a "contractor" (in quotes). Technico does not lose its status as a contractor simply because it is also the defined "contractor" (in quotes). The presence of the word "any" before contractor supports the breadth of the exclusion. Because these lawsuits were filed by employees of a contractor, Technico, they are excluded under the plain terms of the policy.

Further, American Empire's argument--that "any contractor" does not include the defined "'contractor'"--is refuted by another contract provision. The "Other Insurance" clause provides: "[W]e will not seek contribution from any other insurance available to you [NYCHA] *unless the other insurance is provided by a contractor other than the designated 'contractor' . . .*" App'x 86 (emphasis added). The explicit exclusion of the designated "'contractor'" (Technico) in this provision reinforces the conclusion that the phrase "any contractor" (in the exclusion) includes the designated "'contractor'". If the parties wanted to exclude Technico from the policy exclusion, they would have done so explicitly, as they did elsewhere in the contract.

We have considered the appellant's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4